THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES *et al.*, Plaintiffs-Appellees, v. AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 31, AFL-CIO, Defendant-Appellant.

Third District   No. 3—00—0478

Opinion filed May 11, 2001.

Gilbert Feldman (argued), of Cornfield & Feldman, of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Marcia L. McCormick (argued), Assistant Attorney General, of counsel), for appellees.

JUSTICE LYTTON delivered the opinion of the court:

The Department of Children and Family Services (DCFS) discharged Douglas Hayes, the grievant, as a child protective investigator. His discharge was submitted to arbitration in accordance with the applicable collective bargaining agreement. The arbitrator found him guilty of several of the charges but modified the discharge to a 30-day unpaid suspension. Hayes' union, the American Federation of State, County and Municipal Employees, Council 31, AFL-CIO (AFSCME), appealed to the circuit court, which vacated the arbitrator's award. We reverse the trial court and reinstate the arbitrator's award.

Hayes worked as a child protective investigator for DCFS from 1982 until he was discharged in May 1998 due to his failure to make timely contact with alleged victims or other subjects in a number of abuse and neglect cases. His discharge was submitted to arbitration pursuant to a collective bargaining agreement between DCFS and the Illinois Department of Central Management Services (together, the Department) and AFSCME. The arbitrator found Hayes guilty of most

of the allegations against him and reduced the penalty from discharge to a 30-day unpaid suspension under the principles of progressive and corrective discipline. In addition, the Department could require Hayes to undergo retraining before he undertook an active caseload again.

The trial court vacated the arbitration award and reinstated the Department's discharge of Hayes. AFSCME appeals.

# I

The trial court adopted the Department's argument that the arbitrator exceeded his authority by reducing Hayes' penalty from discharge to a 30-day unpaid suspension. On appeal, AFSCME argues that the arbitrator did not exceed his authority and properly relied on principles of progressive discipline and just cause.

■ Judicial review of an arbitration award is extremely limited. *American Federation of State, County & Municipal Employees v. Department of Central Management Services*, 173 Ill. 2d 299, 304, 671 N.E.2d 668, 672 (1996) (*DuBose*). This court may not reverse an arbitrator's award unless there is (1) fraud, corruption, partiality, misconduct, or failure to submit the question to arbitration (*Board of Education of the City of Chicago v. Chicago Teachers Union, Local No. 1*, 86 Ill. 2d 469, 474, 427 N.E.2d 1199, 1201 (1981)) or (2) gross errors of law or mistakes of fact are apparent on the face of the award (*Tim Huey Corp. v. Global Boiler & Mechanical, Inc.*, 272 Ill. App. 3d 100, 106, 649 N.E.2d 1358, 1363 (1995)).

■ Since there are no allegations of fraud, corruption, partiality, or misconduct in this case, we need only consider whether the face of the award contains gross errors of law or fact. See *Tim Huey Corp.*, 272 Ill. App. 3d at 106, 649 N.E.2d at 1363. The Department claims that the arbitrator made a gross error of law in finding that the absence of a "zero-tolerance" policy for untimely investigations precluded Hayes' discharge, citing *DuBose*, 173 Ill. 2d 299, 671 N.E.2d 668.

In *DuBose*, 173 Ill. 2d at 320-21, 671 N.E.2d at 679-80, our supreme court rejected a similar notion when it held that a discharged employee could be reinstated unless reinstatement would violate an explicit law or policy prohibiting the employee's conduct. In this case, the arbitrator found that, in a given circumstance, some conduct may be "so obviously wrong and so completely inconsistent with continued employment that the Employer need not tolerate even one offense," citing as examples the assault of a supervisor and the physical abuse of a resident in a state care facility. The arbitrator did not find that discharge was impermissible in *any* case involving principles of progressive discipline. The arbitrator reasoned that because DCFS did not have such a zero-tolerance policy regarding tardy investigations:

"[I]f discharge is the appropriate penalty, it must be because something in the grievant's work history justifies it, or because the specific charges against the grievant make this case more serious than other cases of tardy investigations."

The arbitrator found that Hayes had a clean disciplinary record but had been repeatedly counseled regarding his failure to conduct timely investigations. Since Hayes had never been subject to progressive corrective discipline, the arbitrator concluded that summary discharge was inappropriate. As support for this conclusion, he noted that DCFS initially did not believe that discharge was necessary. Because we can find no gross error of law or fact apparent on the face of the arbitration award, we may not vacate it on that basis. See *Tim Huey Corp.*, 272 Ill. App. 3d at 106, 649 N.E.2d at 1363.

## II

The trial court also found that enforcement of the arbitration award violated established public policy against DCFS employing persons whose neglect and dishonesty could seriously reduce the safety, welfare, and protection of minors. See *DuBose*, 173 Ill. 2d at 316, 671 N.E.2d at 678. AFSCME contends that the arbitrator's award should not have been vacated because it is rational and not contrary to public policy.

■ An arbitrator's findings relating to an employee's rehabilitative potential and the risk imposed on third parties by his reinstatement will be upheld if they are rational. *DuBose*, 173 Ill. 2d at 322-23, 671 N.E.2d at 680. Courts lack the authority to overturn an arbitrator's factual finding of an employee's potential for rehabilitation. *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 44-45, 98 L. Ed. 2d 286, 303, 108 S. Ct. 364, 374 (1987) (*Misco*); *DuBose*, 173 Ill. 2d at 332, 671 N.E.2d at 685. If an arbitrator has made an express or implicit finding that an employee is subject to rehabilitation and is unlikely to repeat the misconduct, "a court would be hard-pressed to find a public policy barring reinstatement." *Stead Motors v. Automotive Machinists Lodge No. 1173*, 886 F.2d 1200, 1213 (9th Cir. 1989). This is particularly true where the employer has agreed to follow the principles of progressive and corrective discipline, as in the instant case. See *American Federation of State, County & Municipal Employees v. State of Illinois*, 124 Ill. 2d 246, 264, 529 N.E.2d 534, 542 (1988) (*Blasingame*).

■ Here, the arbitrator carefully considered Hayes' rehabilitation potential and his amenability to discipline. He first considered the specific charges against Hayes and found that some were unwarranted. He then acknowledged the seriousness of the remaining incidents and squarely placed responsibility for them on Hayes. He also considered

evidence of Hayes' competence and amenability to retraining as shown by his disciplinary record and work history to determine whether discharge was appropriate. He found that there was little proof that Hayes, a long-time employee, was incompetent. He noted that Hayes' disciplinary record was clean, containing only a "stale" oral reprimand from 1995. Hayes' work history showed that although he had been repeatedly counseled concerning his tardy investigations, he had never been subjected to progressive and corrective discipline.

Our review of the record indicates that DCFS did not act with sufficient clarity to correct the problem. Although DCFS repeatedly told Hayes of his misfeasance, it failed to put any teeth behind its reprimands pursuant to its policy of progressive and corrective discipline until it finally sought to discharge him. As the arbitration award stated, "[t]he failure of supervision in this case is a failure to give the grievant the necessary corrective warnings, in the form of progressive discipline."

The arbitrator concluded that there was no evidence that Hayes would not be amenable to progressive and corrective discipline if it were properly applied. He noted that even Hayes' manager had intended to retrain rather than discharge him until Hayes made an intemperate remark in his grievance answer. The arbitrator did not believe that, taken in context, this incident was sufficient to summarily discharge Hayes in light of his 16 years of service. We cannot say that these findings and conclusions were irrational (see *DuBose*, 173 Ill. 2d at 322, 671 N.E.2d at 680) nor do we have the authority to overturn them on judicial review (see *Misco*, 484 U.S. at 44-45, 98 L. Ed. 2d at 303, 108 S. Ct. at 374; *DuBose*, 173 Ill. 2d at 332, 671 N.E.2d at 685).

■ Finally, in determining whether an arbitration award violated public policy, the courts in *DuBose* and *Blasingame* also looked at: (1) the nexus between the grievant's misconduct and harm to others; (2) the suitability of the punishment; and (3) whether the award sanctioned a violation of the law. *DuBose*, 173 Ill. 2d at 332, 671 N.E.2d at 685; *Blasingame*, 124 Ill. 2d at 263, 529 N.E.2d at 541-42.

■ Fortunately, in this case Hayes' misconduct did not result in harm to any minors. However, the arbitrator found that Hayes' repeated failure to conduct timely investigations constituted a serious breach of his duties. While the arbitrator did not find that this misconduct necessitated immediate discharge, he did find that it warranted the next most severe sanction, an unpaid 30-day suspension. This punishment is sufficiently severe that it cannot be said to sanction a violation of law.

After reviewing the award in this case, we cannot say that the

262

arbitrator's findings and conclusions were irrational or failed to take into account the appropriate public policy considerations. *DuBose*, 173 Ill. 2d at 322, 671 N.E.2d at 680. Thus, we reverse the trial court's decision and reinstate the arbitrator's award.

## CONCLUSION

The judgment of the circuit court of Peoria County is reversed, and the arbitrator's award is reinstated.

Reversed.

BRESLIN and McDADE, JJ., concur.